UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY GARRETT HASKELL,

Plaintiff,

v.

BJ FADEM, et al.,

Defendants.

Case No.  5:24-cv-09305-PCP

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 35

Plaintiff Jeffrey Haskell brings this lawsuit against defendants BJ Fadem, Marcia Clark, and Nicole Marie Ford under 42 U.S.C. §§ 1983 and 1985(3) for conspiring to interfere with his parental rights and denying him due process under the law, and for fraud and willful misconduct violating California law. Defendants move to dismiss Haskell's first amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants defendants' motion.

The Court has previously and extensively addressed why Haskell's claims are time-barred. Dkt. 31. In his amended complaint, Haskell admits that he "harbored some uncertainty" about the defendants' representations about his children, though "he did not come to know of his injury until after he was incarcerated. . . when he had the time and sobriety to investigate and reflect."[1] Despite Plaintiff's insistence, "time to think" was not required for his claim to accrue. Under California law, a claim accrues when a plaintiff "at least suspects that someone has done something wrong to him." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing

---

[1] Haskell's opposition brief also states that "[i]njury knowledge occurred before December 2022." This appears to be a further admission that his lawsuit was filed after the statute of limitations had already expired.

*Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999)) (cleaned up). By Haskell's own admission, his claim is time-barred.

Even without his admission, Haskell alleges sufficient notice of his injury. Much of the complaint hinges on an event from August 2021, where a judge allegedly pronounced that Haskell's child was transgender. Haskell contends that this is evidence of ex parte communications and supports his allegation by pointing to the fact that no previous court filings had indicated that his child was transgender. Therefore, Haskell had reason for suspicion as soon as the hearing occurred. *See Bibeau v. Pac. Nw. Rsch. Found.*, 188 F.3d 1105, 1108 (9th Cir. 1999) ("The plaintiff must be diligent in discovering the critical facts.").

Haskell next argues that he is entitled to both equitable tolling and equitable estoppel. He is not. Haskell did not attempt to confirm his suspicions until after the statute of limitations had already run. His failure to act bars his claim from being tolled. *United States v. Wong*, 575 U.S. 402, 407–08 (2015) ("A court usually may pause the running of a limitations statute in private litigation when a party has pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline.") (internal citations omitted). Haskell also cannot assert equitable estoppel, as he fails to allege any relevant facts that are independent from his cause of action. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008) ("[T]he plaintiff must point to some fraudulent concealment, some active conduct by the defendant *above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.") (internal citation omitted).

Haskell's first two claims are time-barred. They are dismissed with prejudice. Because the Court grants the motion to dismiss Haskell's federal claims, it declines to exercise supplemental jurisdiction over the related state law claim. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citing 28 U.S.C. § 1367(c)(3)). That claim is therefore dismissed without prejudice but without further leave to amend.

**IT IS SO ORDERED.**

United States District Court
Northern District of California

Dated: March 23, 2026

_____

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California